# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ANTHONY L. PATTON**                                                                                    **PLAINTIFF**

**v.**                                   **No: 4:19-cv-00119 DPM-PSH**

**RICHARD MURPHY**                                                                                   **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Anthony Patton filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 14, 2019, while incarcerated at the Arkansas Department of

Correction's North Central Unit.[1]  Doc. No. 1.  Patton alleged that Officer Richard Murphy used excessive force on him on July 19, 2018, while he was incarcerated at the Pulaski County Detention Facility ("PCDF").  *Id.*

Murphy filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Patton had not exhausted his claims against Murphy before he filed this lawsuit.  Doc. Nos. 30-32.  Despite the Court's order notifying Patton of his opportunity to file a response and statement of disputed facts, Patton did not do so.  Doc. No. 33.  Because Patton failed to controvert the facts set forth in defendant's statement of undisputed facts, Doc. No. 32, those facts are deemed admitted.  *See* Local Rule 56.1(c).  Murphy's statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that he is entitled to judgment as a matter of law.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence

---

[1] Patton has since been released.  *See* Doc. No. 21.

in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S.

516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id.*

Murphy argues that he is entitled to summary judgment because Patton failed to exhaust his administrative remedies before he filed this lawsuit. *See* Doc. No. 31. In support of his motion for summary judgment, Murphy submitted an affidavit by Sergeant Lesa Warner (Doc. No. 32-1); Patton's Arrest and Booking Sheet (Doc. No. 32-2); grievances and requests filed by Patton during his incarceration at PCDF (Doc. No. 32-3); and a copy of the PCDF's grievance policy (Doc. No. 32-4).

The PCDF has a grievance procedure in place to permit inmates to file grievances/appeals and to assure them of written responses from facility officials in a timely and orderly manner without fear of reprisal or prejudice. Doc. No. 32-4 at 1. Any inmate may invoke the grievance procedures regardless of their security or job classification, disciplinary status, or administrative or legislative decisions affecting the inmate. *Id.* An inmate may invoke the grievance procedure by submitting a written complaint regarding one of the following:

    a.    Actions taken by staff or other inmates that have the effect of depriving the inmate of a right, service, or privilege.

    b.  Allegations of abuse, neglect, or mistreatment by staff or other inmates.

    c.  Any other matter the inmate believes to be illegal, a violation of department rules and regulations, or unconstitutional treatment or condition.

*Id.* at 1-2. Grievances must be filed with the Grievance Officer or designee within 15 days after the occurrence in issue. *Id.* at 4. If, after being responded to by the Grievance Officer or designee, the inmate is not satisfied, he or she may appeal within ten (10) working days. *Id.* at 7. The entire grievance process must be completed within 30 working days unless a valid extension has been agreed upon, or unforeseen circumstances are documented to show that causes outside the control of the parties caused the process to take longer. *Id.* at 8.

  In support of his motion, Murphy submitted the affidavit of Sgt. Lesa Warner and a record of the grievances and requests Patton filed while he was incarcerated at PCDF.[2] *See* Doc. Nos. 32-1 and 32-3. During that time, Murphy submitted one sick call request and five grievances,[3] all of which concerned matters that occurred before the alleged May 19, 2018 incident. Doc. No. 32-3. Patton did not complain of excessive force in any of these documents, and the PCDF has no record that Patton

---

[2] Patton was jailed at the PCDF from March 1, 2018, until September 7, 2018. Doc. No. 21-2 (booking sheet).

[3] Murphy also submitted a grievance and sick call request dated January 2018, before Patton was booked, presumably from a prior incarceration. *See* Doc. No. 32-3 at 1-3.

filed a grievance related to the May 19, 2018 incident complained of in the complaint. Doc. Nos. 32-3 and 32-1 at 1. Patton has not refuted the facts set out in the Warner affidavit or the submitted grievance documents. The Court therefore finds that there is no genuine issue of material fact, and Patton did not exhaust his administrative remedies before he filed this lawsuit as a matter of law. Murphy is therefore entitled to summary judgment, and Patton's claims should be dismissed without prejudice.

## IV. Conclusion

Patton did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, Murphy's motion for summary judgment (Doc. No. 30) should be granted, and Patton's claims should be dismissed without prejudice.

DATED this 3rd day February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE